UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JH KASPAR OIL CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3723** |
| **NEWTON& ASSOCIATES, LLC ET AL** | **SECTION: "S" (1)** |

### ORDER AND REASONS

Plaintiff's appeal of the Magistrate Judge's ruling of March 20, 2008, denying plaintiff's second motion to compel discovery (Doc # 59) is GRANTED, setting aside the Magistrate Judge's ruling. Defendants are ORDERED to respond to Interrogatories 17 and 19, no later than April 14, 2008.

On March 25, 2008, the court denied defendants' motion for summary judgment, finding questions of fact relative to whether the operations of the defendants exposed William Newton to personal liability. The Magistrate Judge's ruling preceded this court's ruling, and is reversed as a result of this court's later ruling.

Defendants opposed the appeal of the Magistrate Judge's ruling, by reasserting their motion for summary judgment, again arguing that the alter ego theory has no application in this case. Defendants attach various minutes from board meetings from 2003 through 2006, including

documents from the Louisiana Secretary of State acknowledging a name change from Newton & Associates Holding Company, Inc. to Tantos, Inc. While these documents may evidence statutory formalities and regular shareholder meetings, those factors are two of several that this court must analyze. *See Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164 (La. 1991) and 592 So.2d 1282, 1285 (La. 1992) (J. Dennis, concurring).

While the court finds that plaintiff is entitled to conduct discovery relative to alter ego, the court is not determining whether the corporate veil can ultimately be pierced.

New Orleans, Louisiana, this  8th   day of April, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**